Electronically FILED by Superior Court of California, County of Riverside on 12/23/2022 02:00 PM
Case Number CVPS2204993 0000043780693 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Araceli Pena, Clerk

RAFII & ASSOCIATES, P.C.
Robert Montes, Jr. (State Bar No. 159137)
  robert@rafiilaw.com
9100 Wilshire Boulevard, Suite 465E
Beverly Hills, California 90212
Telephone:  310.777.7877
Facsimile:   310.777.7855

Attorneys for Plaintiff KAREN ALLEN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| KAREN ALLEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HBC dba SAKS FIFTH AVENUE; a New York Corporation (authorized to do business in California);, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CVPS2204993<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND PENALTIES**:<br><br>1. Age Discrimination;<br>2. Failure to Prevent Age Discrimination;<br>3. Wrongful Constructive Termination;<br>4. Wrongful Discharge in Violation of Public Policy;<br>5. Unpaid Wages [*Lab. Code §§ 204, 218.5, 1194];*<br>6. Failure to Provide Accurate Wage Statements *[Lab. Code § 226];*<br>7. Failure to Timely Pay Wages Due at Termination *[Lab. Code §§ 201-203];*<br>8. Failure to Provide Employment Records (*Cal. Labor Code §§ 226, 1198.5 et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KAREN ALLEN hereby complains against Defendants HBC dba SAKS FIFTH AVENUE; a Corporation authorized to do business in California; and DOES 1 through 10, inclusive, and pleads as follows:

## I.

## JURISDICTION

1.     This is a civil action seeking recovery of damages pursuant to age discrimination in violation of Government Code Section 12940, *et seq*., wage and hour violations pursuant to Labor Code Sections 201-204, 215.5, 226, 1194, and 1198.5; and common law causes of action of wrongful termination, and intentional infliction of emotional distress.

## II.

## VENUE

2.     Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 since at least some of the obligations, liabilities, and breaches complained of herein arose or occurred in the County of Riverside.  Each Defendant either owns, maintains offices, manages, transacts business, has an agent or agents, or lives within the County of Riverside, or otherwise is found within the County of Riverside and each Defendant is within the jurisdiction of this Court for purpose of service of process.

3.     The unlawful acts, omissions and violations of the California Fair Employment & Housing Act (hereinafter "FEHA") alleged herein were committed by Defendants in the County of Riverside, State of California and the amount of damages sought by Plaintiff herein exceeds the minimum jurisdictional limits of the Court. Furthermore, on or about September 1, 2022, Plaintiff filed charges against HBC dba SAKS FIFTH AVENUE; a New York Corporation. Attached hereto as EXHIBIT "A" and incorporated herein by reference is a true and correct copy of the FEHA right-to-sue letter.

## III.

## GENERAL ALLEGATIONS

4.     At all relevant times herein, Plaintiff KAREN ALLEN ("Plaintiff") was a resident of the County of Riverside, State of California, and is over the age of 65.

5.     At all relevant times herein, defendant HBC dba SAKS FIFTH AVENUE, ("SAKS") was and is a business entity organized and existing under the laws of the State of California with its principal place of business in Palm Desert, California.  Upon information and believe SAKS was and is registered to do, and doing, business in the State of California, including the County of Riverside.

6.     Plaintiff is informed, believes, and based thereon alleges these defendants SAKS, and DOES ONE through TEN (collectively "Defendants") are and were, either directly or indirectly, the supervisors of Plaintiff and exercised direct or indirect control over the wages, hours, and working conditions of employee KAREN ALLEN at SAKS, including her wages, hours, and working conditions.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

**COMPLAINT**

7.    Plaintiff is unaware of the true names and capacities of Defendants named as DOES ONE through TEN, inclusive, and therefore sues these Defendants by fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed, believes, and based thereon alleges that the Defendants sued under such fictitious names are in some manner responsible for the wrongs and damages alleged within.

8.    Plaintiff is informed, believes, and based thereon alleges that at all relevant times herein, each Defendant was an agent, servant, principal, employer, employee, joint employer, joint venturer, franchisor, franchisee, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of the other Defendants, and at all times mentioned herein was acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of such agency, joint venture, partnership, employment, common enterprise, conspiracy, or actual or apparent authority in concert with each other and the other Defendants.  Furthermore, whenever this Complaint makes reference to "Defendant" or "Defendants," such allegations shall be deemed to mean the acts of Defendants, and each of them, acting individually, jointly, and/or severally.

9.    Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure sections 395(a) and 395.5 since all of the obligations, liabilities, and breaches complained of herein arose or occurred in the County of Riverside.  Each Defendant either owns, maintains offices, transacts business, or has an agent or agents within the County of Riverside, or otherwise is found within the County of Riverside.  Each Defendant is also within the jurisdiction of this Court for purpose of service of process.  Moreover, the California Superior Court for the County of Riverside has jurisdiction over this matter because Plaintiff was a resident of Riverside, California during the entire time of her employment at SAKS, and Defendants are qualified to do business in California and regularly conduct business in the County of Riverside.

**IV.**

**STATEMENT OF FACTS**

10.    Plaintiff hereby re-alleges and incorporates paragraphs 1 through 9, inclusive, of this Complaint as though fully set forth herein

11.    On information and belief, SAKS employs or has employed numerous individuals, including Plaintiff, in Riverside County. On information and belief, Plaintiff was hired on or about October 2013 as a sales associate for SAKS. Plaintiff was initially hired a sales associate, then promoted as an Ambassador, and lastly the CDM for the Cosmetics and Fragrance departments. As the CDM Plaintiff supervised and managed between 25-35 employees of the 60-75 total Saks

- 3 -

**COMPLAINT**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

employees in its Palm Desert location.

12.    On information and belief, throughout her employment regardless of department assigned to or promoted to, Plaintiff made her sales goals and customarily exceeded the sale goals set by store management. Throughout Plaintiff's employment, Plaintiff was an explementary employee who demonstrated increases in sales in the departments under her direct supervision throughout her 8-year employment with SAKS. Plaintiff earned yearly bonuses and salary increases that exceeded all measured quotas and sales given to her.  On further information and belief, Plaintiff's accomplishments were complimented at year end 2020 by being the only SAKS (Palm Desert) employee to receive an annual bonus for her 2020 performance.

13.    On information and belief beginning in approximately 2021, SAKS management began a pattern of intimidation and harassment.  SAKS had no justifiable right to harass and bully Plaintiff's employment without a showing of willful breach, habitual neglect or continued incapacity.  Plaintiff displayed unbridled loyalty to SAKS, and always acted within her employment duties and obligations, and went above and beyond to make sure that she performed her responsibilities to ensure SAKS was viable.

14.    On information and belief, Plaintiff was harassed and pressured to depart, and ultimately constructively terminated, on the basis of her age.  On or about April 23, 2021, during a conversation with General Manager Dennis Flaig-Moore's, he inquired of Plaintiff, then a 69-year-old female) **"***when do you plan to retire,"* **"***you know we can fire you anytime and for the littlest of matters,****"** and *"what would it take for you to resign?"* Mr. Flaig-Moore's statements were unexpected and shocking to Plaintiff.  Upon realization of the conversation with Mr. Flaig-Moore, Plaintiff began fearing for her job, and as a direct result she developed unnecessary stress, anxiety and depression. Plaintiff was unable to sleep for many nights thereafter and was medically treated by her physicians.

15.    On information and belief, Plaintiff met with Mr. Flaig-Moore on April 25, 2021, in anticipation of a meeting with Ms. Moeller scheduled for April 29, 2021.  Mr. Flaig-Moore gave Plaintiff a list of questions and suggested ways to respond to specific questions that would be asked by Ms. Moeller. Concerned about the meeting, Plaintiff spoke with other cosmetic/fragrance managers on how they were going to address the anticipated questions Ms. Moeller was going to pose.  inquiring about the questions they were asked by Defendant Moeller's visit. Plaintiff also contacted her cosmetic/fragrance regional supervisor Lisa Landgren.  Ms. Landgren informed Plaintiff that Ms. Moeller would simply ask "questions based on the current production report and

rank reports.**"** Plaintiff informed Ms. Landgren of the topic areas covered by Mr. Flaig-Moore, to which Ms. Landgren responded that such inquires weren't for the cosmetic team.

16. On information and belief, Plaintiff met with Ms. Moeller and April 29, 2021, and to one's surprise Ms. Moeller's inquiries were unrelated to anything discussed by Mr. Flaig-Moore. On further information and belief, Plaintiff contends that Mr. Flaig-Moore deceptively informed Plaintiff about the inquiries to be made so as to embarrass Plaintiff and make her look unprepared. As Plaintiff attempted to respond to Ms. Moeller's inquiries she was interrupted by Ms. Moeller and subsequently informed Mr. Flaig-Moore that Plaintiff was unfocused, unprepared and not knowledgeable about the business or her department. Soon thereafter Plaintiff was given a Final Warning Notice.

17. On information and belief, Plaintiff was unfairly and subject to verbal and written warnings for purportedly violating company policy. Plaintiff rightfully objected to the truthfulness of said purported violations, as noted in Plaintiff's letter to General Manager Dennis Moore dated June 25, 2021. Plaintiff's job responsibilities remained relatively similar to year's prior that were free from verbal or written warnings and free from employee performance improvement plans. Plaintiff's purported shortcomings were in violation of policies that were implemented in 2021; however, were not communicated to Plaintiff at any time.

18. On information and belief, these unjust violations for policies implemented in 2021, were designed to begin the process to justify Plaintiff's termination. Moreover, Plaintiff was not provided with any opportunity to correct any alleged deficiencies with SAKS, instead defendant Susan Moeller, Vice President of the Western Region of Saks, for strictly personal reasons, put out an order to General Manager Dennis Moore and Assistant Store Manager Steven Peavy, to terminate Plaintiff for **"***any reason"* or for the *"littlest reasons"* **whether true or untrue, as stated to Plaintiff by General Manager Dennis Moore.

19. On information and belief, on or about June 18, 2021, Plaintiff was informed she was receiving a "FINAL WARNING" for purportedly committing violations of her obligations to SAKS. Plaintiff's "warnings" were near one another and were being give in order to comply and adhere with SAKS policies related to employee termination.

20. On information and belief, SAKS employee policy provides that if an employee accumulates three (3) violations within a one (1) year period that employee would and/or could be terminated. This was a planned and coordinated attack by defendants, and each of them, initiated and ordered by Susan Moeller, to "get rid of Karen and I don't care how you do it."

**COMPLAINT**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

21.    In all prior years at SAKS, Plaintiff was a loyal hard-working employee that earned yearly bonuses and salary increases that exceeded all measured quotas and sales given to her. In fact, Plaintiff's abilities to perform her duties were complimented at year end 2020 by being the only SAKS Palm Desert employee to receive an annual bonus check for performance in year 2020. Furthermore, Plaintiff was the only employee during Plaintiff's time of employment that rose so quickly from a sales associate to CDM manager.  All based on Plaintiff's performance record.

22.    To date Plaintiff has not received the remainder of money she believes owed to her including but not limited to her earned and accrued vacation time which has not paid by Defendants.

**V.**

## DISCRIMINATION BASED ON AGE

## IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

### (Against All Defendants)

23.    Plaintiff re-alleges and incorporates paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24.    At all relevant times mentioned herein, Govt. Code §12940(a) prohibits an employer, such as SAKS, from discriminating against its employees in compensation, or in terms, conditions, or privileges of employment based upon their age. At all relevant times mentioned herein, Plaintiff was a member of a protected class of persons under Govt. Code §12940, et. seq., in that, at all relevant times mentioned herein, he was over the age of 40. Plaintiff alleges that based upon her age (65 at the time of the Defendant's adverse employment actions), Defendant had a legal obligation imposed by statutory law not to discriminate against her on the basis of his age. However, Defendants knowingly and intentionally failed and refused to abide by its statutory obligations.

25.    At all relevant times mentioned herein, Plaintiff competently performed her job duties as required by SAKS and she did so to SAKS' complete satisfaction. Nevertheless, SAKS discriminated against Plaintiff and then replaced her with a much younger employee upon the abrupt constructive termination of her 8-year-long employment.

26.    Plaintiff is informed and believes and thereon alleges that her age was a substantial motivating determining factor in SAKS' discriminatory conduct, as herein described. Plaintiff is additionally informed and believes and thereon alleges that SAKS' actions were all carried out by and through its managing employees and/or with their knowledge, consent, authority, approval and/or ratification, as herein described. Therefore, the wrongful discriminatory conduct of SAKS,

**COMPLAINT**

as herein set forth, constitutes an unlawful, discriminatory employment practice in violation of Govt. Code §12940(a).

27.    As    a direct, foreseeable, legal and proximate result of SAKS' discriminatory conduct, acts, or omissions, as herein alleged, Plaintiff has suffered substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of said discriminatory conduct, acts, or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling her reimbursement of same pursuant to Govt. Code § 12965(b), in an amount to be proven at trial.

28.    Moreover, SAKS, by and through its managing employees, as herein alleged, committed the acts described herein deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety.  As such, SAKS acted in a willful and intentional manner and its conduct was and continues to be despicable, malicious and outrageous in that it has caused Plaintiff to suffer cruel and unjust hardship. Therefore, SAKS' conduct justifies an award of punitive damages and exemplary damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to SAKS from also behaving in the same manner.

## VI.

### SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND

### FAILURE TO INVESTIGATE OR TAKE CORRECTIVE ACTION IN

### VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT

**(Against All Defendants)**

29.    Plaintiff re-alleges and incorporates paragraphs 1-28, inclusive, of this Complaint as though fully set forth herein.

30.    Despite knowing and/or having reason to know, SAKS wholly failed to prevent the discrimination Plaintiff was exposed to by its managers and corporate representatives. By failing to prevent the herein alleged acts of discrimination, and by completely failing to undertake a prompt and adequate investigation of the unlawful conduct herein described and by failing to take any action in response to said conduct, SAKS violated Government Code§ 12940(k) and (j)(l).

31.    As a direct, foreseeable, legal and proximate result of SAKS' failure to act, as herein

**COMPLAINT**

alleged, Plaintiff has suffered and continues to suffer substantial damages including, but not limited to benefits, humiliation, embarrassment, mental and emotional distress and discomfort, in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of SAKS' failure to act, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling her to reimbursement of same pursuant to Govt. Code § 12965(b), in an amount to be proven at trial.

32.    SAKS' failure to act, as herein alleged, was committed oppressively, fraudulently and maliciously, in conscious disregard of Plaintiff's rights and safety. As such, SAKS acted in a willful and intentional manner and its conduct, as herein described, was and continues to be despicable, malicious and outrageous in that it has caused Plaintiff to needlessly suffer cruel and unjust hardship.  Therefore, SAKS' conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter it from ever engaging in such conduct again. Punitive and exemplary damages are further warranted to deter other employees, who are similarly situated to SAKS' from also behaving in the same manner as SAKS.

### VII.

### THIRD CAUSE OF ACTION

### WRONGFUL CONSTRUCTIVE AND TORTIOUS DISCHARGE

### (Against All Defendants)

33.    Plaintiff re-alleges and incorporates paragraphs 1-32, inclusive, of this Complaint as though fully set forth herein.

34.    By constructively terminating Plaintiff's employment, as herein alleged and by refusing to reinstate her, SAKS violated the fundamental public policies of the State of California embodied in, inter alia, FEHA as codified by Government Code § 12900 et seq. Government Code § 12920 identifies the policy of this State to be the protection and safeguarding of the rights and opportunities for all persons to seek, obtain and hold employment without discrimination on the basis of their age. Therefore, by terminating Plaintiff's employment in the manner herein alleged, SAKS' violated fundamental public policies of this State codified by Government Code §12920.

35.    As a direct, foreseeable, legal and proximate result of SAKS' illegal conduct, as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earning and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of SAKS' conduct, Plaintiff has been caused to retain attorneys and has thus incurred legal

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT RESULTS

fees, expenses and costs, entitling her to reimbursement of same pursuant to Code of Civil Procedure § 1021.5, in an amount to be proven at trial.

36.    Furthermore, SAKS committed the illegal acts and/or omissions described and alleged herein, deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights and safety. As such, SAKS acted in a willful and intentional manner and its conduct, was despicable, malicious and outrageous in that it caused Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, SAKS' retaliatory conduct, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again. Punitive and exemplary damages are further warranted to deter other employers who are similarly situated to SAKS from also behaving in the same manner.

## VIII.
## FOURTH CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

37.    Plaintiff re-alleges and incorporates paragraphs 1-36, inclusive, of this Complaint as though fully set forth herein.

38.    Plaintiff is informed and believes that her employment was constructively terminated as a result of her age.

39.    It is the public policy of the State of California as expressed in The Age Discrimination in Employment Act, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be terminated from their employment on the basis of their age.

40.    As a direct and proximate result SAKS' termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

41.    As a direct and proximate result of SAKS' willful, knowing and intentional discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of Court to amend his Complaint at such time as these damages are fully ascertained.

42.    Plaintiff is informed and believes and based thereon alleges that the outrageous

conduct of SAKS as described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring her. SAKS, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.

## IX.
## FIFTH CAUSE OF ACTION
## UNPAID WAGES
### (Against All Defendants)

43. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44. At all relevant times herein, Defendants have regularly and consistently maintained corporate policies and procedures designed to reduce labor costs by reducing or minimizing the amount of compensation owed to Plaintiff.

45. Plaintiff believes that Defendant SAKS failed to provide Plaintiff with all her wages earned up through September 15, 2021, and/or her accrued vacation time.

46. As a result of the unlawful acts of Defendants, and each of them, Plaintiff believes she has been deprived of wages that are still owed in amounts to be proven at trial, and she is entitled to recover such amounts, plus interest, attorneys' fees, and costs pursuant to Labor Code sections 218.5 and 1194.

## X.
## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (Against All Defendants)

47. Plaintiff re-alleges and incorporates paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. Labor Code section 226(a) requires Defendants, each time wages are paid, to furnish employees with an accurate itemized statement in writing showing, *inter alia*, gross wages earned, all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and only the last four digits of his or his social

security number or an employee identification number other than a social security number.

49.    Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to furnish an employee with an accurate itemized wage statement, then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period violation and $100 for each subsequent violation, up to $4,000.

50.    At all relevant times herein, Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a).  As a result, Defendants are liable to Plaintiff for such amounts, together with interest, attorneys' fees, and costs as provided by Labor Code section 226(e).

## XI.
### SEVENTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION
### (Against All Defendants)

51.    Plaintiff re-alleges and incorporates paragraphs 1 through 50, inclusive, of this Complaint as though fully set forth herein.

52.    Labor Code sections 201 and 202 require Defendants to pay Plaintiff all wages due upon termination.  Labor Code section 203 provides that if an employer willfully fails to pay such wages, then the employer is liable to the employee for waiting time penalties in the form of continued compensation at the employee's daily wage rate for up to 30 days.

53.    As alleged above, Plaintiff was entitled to her compensation for the period ending September 15, 2021.  At all times relevant herein, Defendants willfully failed to pay Plaintiff her wages due, upon her termination.  As a result, Defendants are liable to Plaintiff for waiting time penalties pursuant to Labor Code section 203, together with interest thereon and attorneys' fees and costs.

## XII.
### EIGHTH CAUSE OF ACTION
### FAILURE TO PROVIDE EMPLOYMENT RECORDS
### (Against All Defendants)

54.    Plaintiff re-alleges and incorporates paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55.    At all times herein, Labor Code § 226 and § 1198.5 were in full force in effect. Plaintiff requested that Defendants produce records pursuant to said Labor Code provisions.

Defendants failed to comply with Plaintiff' request.

56.    As a result of Defendants failure to comply with Labor Code § 226, Plaintiff is entitled to recover a $750 penalty from Defendants.

57.    As a result of Defendant's failure to comply with Labor Code § 1198.5, Plaintiff is entitled to recover a $750 penalty from Defendants.

58.    As a result of Defendants failure to comply with Labor Code § 226 and § 1198.5, Plaintiff requests that this Court issue an injunction that requires Defendants to comply with Plaintiff's requests for records, and award costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

(a)    For compensatory damages, including unpaid wages, including lost wages, lost employee benefits, bonuses, vacation benefits, and other special and general damages;

(b)    For mental and emotional distress damages;

(c)    For waiting time penalties pursuant to Labor Code § 203;

(d)    For statutory penalties pursuant to Labor Code § 226;

(e)    For statutory penalties pursuant to Labor Code § 1198;

(f)    For punitive and exemplary damages;

(g)    For an award interest, including prejudgment interest, at the maximum legal rate;

(h)    For reasonable attorneys' fees;

(i)    For costs of suit; and

(j)    For such other and further relief as the Court may deem just and proper.

Dated: December 22, 2022         **RAFII & ASSOCIATES, P.C.**

By:    _____

**Robert Montes, Jr.**
Attorneys for Plaintiff Karen Allen

**COMPLAINT**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be tried by a jury.

**Dated:** December 22, 2022

RAFII & ASSOCIATES, P.C.

By: _____

**Robert Montes, Jr.**
Attorneys for Plaintiff Karen Allen

- 13 -
**COMPLAINT**

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 1, 2022

Malek Shraibati
9100 Wilshire Boulevard
suite 465E
Beverly Hills, CA 90212

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202208-18071629
        Right to Sue: Allen / HBC dba SAKS FIFTH AVENUE; a New York Corporation et al.

Dear Malek Shraibati:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 1, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202208-18071629
       Right to Sue: Allen / HBC dba SAKS FIFTH AVENUE; a New York Corporation et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 1, 2022

Karen Allen
4371 Mill Creek Road
Dallas, TX 75244

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202208-18071629
Right to Sue: Allen / HBC dba SAKS FIFTH AVENUE; a New York Corporation et al.

Dear Karen Allen:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 1, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Karen Allen                                              DFEH No. 202208-18071629

Complainant,

vs.

HBC dba SAKS FIFTH AVENUE; a New York
Corporation
225 Liberty Street
New York, NY 10281

Dennis Flaig-Moore
73555 El Paseo
Palm Springs, CA 92260

Susan Moeller
73555 El Paseo
Palm Springs, CA 92260

Respondents

_____

**1.** Respondent **HBC dba SAKS FIFTH AVENUE; a New York Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Dennis Flaig-Moore** individual as Co-Respondent(s).
Complainant is naming **Susan Moeller** individual as Co-Respondent(s).

**3**. Complainant **Karen Allen**, resides in the City of **Dallas,** State of **TX.**

**4**. Complainant alleges that on or about **September 15, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over).

-1-
*Complaint – DFEH No. 202208-18071629*

Date Filed: September 1, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was forced to quit.

**Additional Complaint Details:** Plaintiff was hired on or about October 2013 as a sales associate for SAKS. Plaintiff's first position at SAKS was a sales associate, then promoted as an Ambassador, and lastly the CDM for the Cosmetics and Fragrance departments. As the CDM Plaintiff supervised and managed between 25-35 employees of the 60-75 total Saks employees in the Palm Desert store.  In each/every department assigned or promoted, Plaintiff made her sales goals and in fact exceeded those sale goals the majority of times as set by store management.

Throughout Plaintiff's employment, Plaintiff was an explementary employee promoted and demonstrated increases in sales in all departments under her supervision throughout her 8-year employment with SAKS. Plaintiff displayed unbridled loyalty to SAKS, and always acted within her fiduciary duties and beyond to make sure that SAKS was viable.  Plaintiff placed SAKS needs above her own.

On two (2) occasions Plaintiff was unfairly and allegedly punished of violating company policy per purported obligations to SAKS. Plaintiff rightfully objected to the truthfulness of said allegation(s), as noted in Plaintiff's letter to General Manager Dennis Moore dated June 25, 2021, and today continues to object herein. Surely, in the prior years employed at SAKS had they any concerns regarding Plaintiff's abilities to perform her duties, if so SAKS would have advised Plaintiff of such deficiencies and gave her a time period to cure, but these unjust violations were designed in 2021 to begin a personal process to justify termination of Plaintiff.  Moreover, Plaintiff was not provided with any opportunity to correct any alleged deficiencies with SAKS, instead defendant Susan Moeller, Vice President of the Western Region of Saks, for strictly personal reasons, put out an order to General Manager Dennis Moore and Assistant Store Manager Steven Peavy, by Susan Moeller to terminate Plaintiff for "any reason" or for the "littlest reasons" (stated to Plaintiff by General Manager Dennis Moore), whether true or untrue.

On or about June 18, 2021 Plaintiff was informed she was getting a "FINAL WARNING" by committing violations of her obligations to SAKS.  Surely, this is no coincidence that the timing between the first notice and the second notice were so close together.  The SAKS policy regarded that if an employee accumulated three (3) violations within a one (1) year period that employee would or could be terminated. This was a planned and coordinated attack by defendants, and each of them, initiated and ordered by defendant Susan Moeller, to "get rid of Karen and I don't care how you do it."

In all prior years at SAKS, Plaintiff was a loyal hard-working employee that earned yearly bonuses and salary increases that exceeded all measured quotas and sales given to her. In fact, Plaintiff's abilities to perform her duties were complimented at year end 2020 by being the "ONLY" SAKS Palm Desert employee to receive an annual bonus check for performance in year 2020.  Furthermore, Plaintiff was the only employee during Plaintiff's time of employment that rose so quickly from a sales associate to CDM manager.  All based on Plaintiff's performance record.

-2-

*Complaint – DFEH No. 202208-18071629*

Date Filed: September 1, 2022

1

2   At all relevant times herein, Plaintiff was over the age of 40.  Plaintiff alleges that based upon her age, Defendants had a legal obligation imposed by statutory law not to discriminate against her on the basis of her age. However, Defendant knowingly and intentionally failed and refused to abide by its statutory obligations.

3

4   Plaintiff alleges that Plaintiff was harassed and pressured to depart in part on the basis of her age as made apparent by the General Manager Dennis Flaig-Moore's statement on April 23, 2021 relating to Plaintiff's age (69 years of age in 2020) by saying to Plaintiff "when do you plan to retire?"  Furthermore, defendant Flaig-Moore said to Plaintiff "you know we can fire you anytime and for the littlest of matters?", implying Plaintiff could or may be terminated immediately at SAKS.  Additionally, Mr. Flaig-Moore went on to say "what would it take for you to resign?"  Plaintiff was so shocked that it caused Plaintiff to fear for her employment, and as a direct result she developed unnecessary stress, anxiety and depression. Plaintiff was unable to sleep for many nights thereafter, and was medically treated by her doctors.

5

6

7

8

9   On or about the years 2019 through 2021, Defendants wrongfully began a campaign that was designed to build a case against Plaintiff for violations of public policy. A determining and motivating factor in the decision to terminate Plaintiff was because she: (1) was targeted for personal reasons by Defendant Susan Moeller to instruct defendant Dennis Flaig-Moore, General Manager, and Steven Peavy, the assistant store manager, to terminate Plaintiff; (2) and on or about 2019 through 2021 defendant Dennis-Flaig complained on multiple conversations with Defendant Moeller, and Assistant Manager Steven Peavy present, that Defendant Moeller felt Plaintiff was "too old" and should resign or be terminated for the "littlest of reasons … "I want Karen terminated and I don't care how you do it." It is no coincidence that General Manager Flaig-Moore made these age discriminatory statements to Plaintiff just four (4) days prior to Defendant Susan Moeller's visit to the Palm Desert store in April, 2021.

10

11

12

13

14

15

16   Prior to Defendant Moeller's April 29, 2021 visit, Plaintiff met with Defendant Flaig-Moore on April 25, 2021.  Defendant Flaig-Moore gave Plaintiff a list of questions and how to approach and respond to specific questions that would be asked by Defendant Moeller.  In preparation for Defendant Moeller's visit, Plaintiff also contacted other cosmetic/fragrance Saks managers inquiring about the questions they were asked by Defendant Moeller's visit. Defendant Moeller asked completely different questions and confused Plaintiff.  Plaintiff contacted her cosmetic/fragrance regional supervisor Lisa Landgren.  Ms. Landgren told Plaintiff that Defendant Moeller "only asked questions based on the current prod report and rank reports."  Plaintiff mentioned to Ms. Landgren the list of questions given to Plaintiff by Defendant Flaig-Moore.  Ms. Landgren responded "that's not for the cosmetic team… Susan will only focus on two reports for cosmetics."  Plaintiff wanted reassurance from Defendant Flaig-Moore since there was internal confusion and prior conflicts. Defendant General Manager Flaig-Moore reassured Plaintiff that he was right.

17

18

19

20

21

22

23

24   On April 29, 2021 Defendant Moeller met with Plaintiff and asked Plaintiff questions that were completely different than those coached by Defendant General Manager Flaig-Moore. In fact, Defendant Moeller would ask a question, then immediately interrupt Plaintiff, not

25

26

27

28

-3-
*Complaint – DFEH No. 202208-18071629*

Date Filed: September 1, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

allowing her to give any answer whatsoever, and later complained to Defendant General Manager Flaig-Moore that Plaintiff was "not focused, unprepared and not knowledgeable about her business."  Plaintiff was later presented with a "FINAL NOTICE" disciplinary letter.

On or about September 2020, Saks hired Ms. Emerald Williams, as an associate who was under Plaintiff's supervision in the cosmetic/fragrance departments. Ms. Williams was under a ninety (90) day grace period before becoming a fully vested employee.  During the grace period, Ms. Williams violated on multiple occasions company policy.  As required, Plaintiff filed multiple reports to management and HR about these violations.  No disciplinary action was taken and according to Assistant General Manager Dan McEod "there is nothing we can do."

On or about October 2020, a Saks customer approached Plaintiff to complain about Ms. Williams. Apparently, according to this customer, Ms. Williams was condescending and rude to her and the customer felt she should report her behavior to store management.  Plaintiff then asked Ms. Williams to follow her off the floor to discuss the customers complaint, according to company policy and procedure.  Immediately, and without provocation and not refusing to leave the floor as requested, Ms. Williams began screaming very loudly at Plaintiff in front of customers on the floor, and Saks employees.  Witness to this behavior by Ms. Williams was Nancy, the Assistant to the General Manager Dennis Flaig-Moore and sales associates.  This explosive behavior caused Plaintiff to be fearful of her safety, became emotionally disturbed of the violate behavior by Ms. Williams, and as a result Plaintiff experienced an anxiety attack.  Even after reporting both the customers and Plaintiff's experiences regarding Ms. Williams to the Assistant General Manager, General Manager, and HR, no disciplinary action was taken.  From that day forward, and for the next year, Ms. Williams consistently felt she could verbally attack Plaintiff, violated corporate policy without disciplinary action, even should Plaintiff report Ms. Williams profound and disturbing behavior to HR or Plaintiff's direct management. Nothing was ever done by management or HR to stop Ms. Williams, nor did Saks do anything to protect Plaintiff from such uncontrollable violate behavior.   Plaintiff was faced with the threat of daily harassment from Ms. Williams, the threat of being "fired for no cause" and being told she was too old for her job at Saks.

-4-

Date Filed: September 1, 2022

1    VERIFICATION

2    I, **Malek H. Shraibati**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof.  The matters alleged are
     based on information and belief, which I believe to be true.

4    On September 1, 2022, I declare under penalty of perjury under the laws of the State
5    of California that the foregoing is true and correct.

6                                                                      **Beverly Hills, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                         -5-
                         *Complaint – DFEH No. 202208-18071629*
27
     Date Filed: September 1, 2022
28
                                                        Form DFEH-ENF 80 RS (Revised 02/22)